UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN ROBERT GONINAN,

Plaintiff,

v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

CASE NO. 3:17-cv-05714-BHS-JRC

ORDER GRANTING MOTION TO
PROCEED BEFORE
EXHAUSTING ADMINISTRATIVE
REMEDIES AND DENYING
MOTION FOR COUNSEL

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's motion for appointment of counsel (Dkt. 10) and motion to file without exhausting remedies (Dkt. 11).

Plaintiff Nathan Robert Goninan, a.k.a. Nonnie M. Lotusflower, is a transgender woman currently in the custody of the Washington Department of Corrections ("DOC"). She is still in the process of exhausting her administrative remedies and requests leave to proceed before they are fully exhausted, as well as appointment of an attorney. Because defendants do not object, the

ORDER GRANTING MOTION TO PROCEED
BEFORE EXHAUSTING ADMINISTRATIVE
REMEDIES AND DENYING MOTION FOR
COUNSEL - 1

Court grants her leave to proceed before exhausting her administrative remedies. However, because plaintiff can effectively articulate her claims at this stage of the case, the Court denies her motion for appointed counsel.

## BACKGROUND

Plaintiff is a transgender woman who was transferred to the DOC in August of 2017 from the Oregon Department of Corrections. She filed her complaint in September of 2017, claiming that defendants are denying her gender affirming therapies she received in Oregon, specifically access to feminine clothing, makeup, and other feminine products. Dkt. 1, 8. She also claimed defendants were denying her medically necessary sex reassignment surgery. *Id*. She filed a motion for a temporary restraining order, asking the Court to order defendants to place her back on those therapies. Dkt. 9. She also filed a motion for appointment of counsel (Dkt. 10), a motion to proceed without exhausting her administrative remedies (Dkt. 11), and a motion for oral argument on those motions (Dkt. 19). Defendants responded to the motion to proceed without exhausting administrative remedies and motion for oral argument (Dkt. 24), but did not respond to her motion for appointment of counsel.

## DISCUSSION

### I. Motion to Proceed Without Exhausting Administrative Remedies

Plaintiff requests that she be able to proceed with her case even though she is still in the process of exhausting her administrative remedies. Dkt. 19. Though defendants "do not agree to [p]laintiff's claims of denial of medically necessary treatment," they do not oppose her motion to proceed without exhausting administrative remedies. Dkt. 24 at 1. The Court interprets this as defendants' waiver of their exhaustion defense. The Court accepts this waiver and therefore grants plaintiff's motion to proceed without first exhausting her administrative remedies.

## II. Motion for Oral Argument

Plaintiff requests that the Court grant oral argument to hear the merits of her motion for appointment of counsel. Dkt. 19. Defendants state that they do not believe oral argument is necessary at this stage in the proceedings. Dkt. 24. The Court agrees. Although the Court may grant oral argument when requested, *see* LCR 7(b)(4), there is enough information in the record that the Court does not require oral argument here. Therefore, the Court denies plaintiff's request for oral argument on the motion to appoint counsel (Dkt. 19).

## III. Motion for Appointment of Counsel

Plaintiff requests that the Court appoint her counsel in this case. No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate her claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, it is too early in the proceedings to determine plaintiff's likelihood of success on the merits. Though defendants have responded to plaintiff's complaint, a pretrial scheduling order has not yet been filed and there is scant substantive evidence on the record. In addition,

plaintiff has articulated her own claims in a way that is understandable to the Court. Further, her claims are based on medical deliberate indifference. Though transgender issues in this context can become very complex, at this stage, plaintiff has not shown that she requires the assistance of counsel to navigate the issues at this time. The Court does not find the extraordinary circumstances that warrant the appointment of counsel here. Therefore, the Court denies plaintiff's motion for appointment of counsel (Dkt. 10), but this denial will be without prejudice, if plaintiff wishes to bring such a motion at a later time as the case develops.

## CONCLUSION

For the reasons stated above, the Court grants plaintiff's motion to proceed without exhausting remedies (Dkt. 11). However, the Court denies plaintiff's motion for oral argument and plaintiff's motion for appointment of counsel (Dkt. 19) without prejudice.

Dated this 9th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge