UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN ROBERT GONINAN,

                Plaintiff,

    v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

                Defendant.

CASE NO. 3:17-cv-05714-BHS-JRC

ORDER DIRECTING RESPONSE

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Nathan Robert Goninan, a.k.a. Nonnie M. Lotusflower, is a transgender prisoner who filed this action seeking additional gender affirming therapies, including access to makeup and evaluation for sex reassignment surgery. She filed a motion for a temporary restraining order, asking the Court to order defendants to provide her with these therapies. Dkt. 9. Defendants responded, stating that, because plaintiff was still a relatively new inmate in the

1 | Washington Department of Corrections, her mental health plan is still evolving. Dkt. 27. They
2 | stated that makeup is not "prescribed" for individuals with gender dysphoria and that it was not
3 | yet known whether sex reassignment surgery was medically necessary for plaintiff. *Id*. at 3, 6.
4 | They further indicated that plaintiff was engaging in ongoing treatment and defendants would
5 | consider additional therapies when necessary. *Id*. at 6.

Plaintiff filed a response (Dkt. 25) and a surreply (Dkt. 30). In her surreply, plaintiff included several medical documents both from the Washington and Oregon Departments of Correction. Dkt. 30 at 11-28. One of these documents was a medical record signed by Dr. Patricia Zeisler, a psychologist with the Washington Department of Corrections. *Id*. at 11-15. In her report dated December 4, 2017, she indicated that plaintiff was engaging in self-harm because of her gender dysphoria and that "[a]t this time, corrective surgery is medically necessary in order to completely eradicate the gender dysphoria." *Id*. at 13. She further recommended that plaintiff receive access to makeup until such time as the surgery was complete. *Id*. at 14. This is a direct contradiction of defendants' response to plaintiff's motion (Dkt. 27) and the declaration filed by defendants (Dkt. 28).

Therefore, it is ORDERED:

1) Defendants are directed to respond to plaintiff's surreply and the attached exhibits by **February 9, 2018**. Defendants should address what, if any, changes this filing makes to the argument presented in their response (Dkt. 27) and what changes, if any, have occurred in plaintiff's treatment plan.

2) The Clerk is directed to renote plaintiff's motion for temporary restraining order (Dkt. 9) and motion for oral argument (Dkt. 20) to February 9, 2018.[1]

Dated this 9th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge

---

[1] Plaintiff's motion for appointment of counsel (Dkt. 10), motion to proceed without exhausting administrative remedies (Dkt. 11), and motion for oral argument on her motion for counsel (Dkt. 19) are addressed in a separate order.