UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN ROBERT GONINAN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CASE NO. 3:17-cv-05714-BHS-JRC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. Before the Court is a motion for partial summary judgment (Dkt. 48) filed by plaintiff Nathan Robert Goninan, a.k.a. Nonnie Marcella Lotusflower.

Plaintiff's motion for summary judgment argues that the Department of Corrections ("DOC") has a policy, known as the Offender Health Plan ("OHP"), banning all gender affirming surgery for all transgender prisoners, regardless of medical necessity, in violation of

the Eighth Amendment. Dkt. 48. Defendants have responded, stating that the OHP was updated on March 16, 2018. Dkt. 52 at p. 3. They note that the update "included removal of the language which considered gender conforming surgery Level III (not medically necessary) under the plan." Dkt. 52 (citing Dkt. 53-1 at p.2). Plaintiff replied, noting that, though gender affirming surgery is no longer categorized as Level III, the guidance offered by the OHP still incorporates by reference the DOC's Gender Dysphoria Protocol, which maintains the blanket ban. Dkt. 55.

The Court notes that the OHP has indeed been amended to remove "[s]urgical or other treatment of Gender Dysphoria" from Level III (Dkt. 53-1 at p. 2) and treatment for gender dysphoria is included in the OHP at Level II (medically necessary under some circumstances) (Dkt. 54-1 at p. 170). However, its listing in Level II reads: "Treatment of Gender Dysphoria. See, Gender Dysphoria Protocol." *Id*. In turn, the Gender Dysphoria Protocol states: "Offenders with [gender dysphoria] and [transgender] identification are NOT eligible for: Cosmetic or elective surgical procedures for the purpose of reassignment. Such interventions are considered Level III by the [OHP]." Dkt. 50-1 at p. 3. This is the Gender Dysphoria Protocol's only mention of reassignment surgery. Thus, it is unclear whether the OHP will allow medically necessary gender affirming surgery, or whether, pursuant to the Gender Dysphoria Protocol to which the OHP refers, "surgical procedures for the purpose of reassignment" are still prohibited.

Therefore, it is ORDERED:

1) Defendants will file supplemental briefing on or before **July 13, 2018**.
2) In their supplemental briefing, defendants should address:
   a. Whether the language of the Gender Dysphoria Protocol prohibits medically necessary gender affirming surgery; and

        b. Whether the OHP, despite removing surgery to address gender dysphoria from Level III, nonetheless continues to prohibit gender affirming surgery because it relies exclusively on the Gender Dysphoria Protocol for treatment of gender dysphoria.

3) Plaintiff may file a supplemental reply on or before **July 27, 2018**.

4) The Clerk is directed to renote plaintiff's motion for partial summary judgment (Dkt. 48) to **July 27, 2018**.

Dated this 13th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge